# UNITED STATES DISTRICT COURT
## District of Kansas
(Wichita Docket)

**UNITED STATES OF AMERICA,**

**Plaintiff,**

v.   CASE NO. 6:23-cr-10050-JWB

**AUSTIN SCHOEMANN,**

**Defendant.**

**SEALED**

# INDICTMENT

**THE GRAND JURY CHARGES**:

## COUNT 1

**INTERFERENCE WITH FEDERALLY
PROTECTED ACTIVITIES
[18 U.S.C. § 245]**

On or about July 27, 2022, in the District of Kansas, the defendant,

**AUSTIN SCHOEMANN,**

did willfully, by force and threat of force, intimidate and interfere with, and attempt to intimidate and interfere with, H.A. and S.C., Black juveniles whose identities are known to the grand jury, because of their actual and perceived race and color and because they

1

were and had been enjoying the goods, services, and facilities of a gasoline station; specifically, the defendant brandished a firearm and used racial slurs in order to intimidate and interfere with H.A. and S.C. while they were entering a QuikTrip gasoline station.

In violation of Title 18, United States Code, Section 245(b)(2)(F).

## COUNT 2

### INTERFERENCE WITH FEDERALLY
### PROTECTED ACTIVITIES
### [18 U.S.C. § 245]

On or about July 27, 2022, in the District of Kansas, the defendant,

### AUSTIN SCHOEMANN,

did willfully, by force and threat of force, intimidate and interfere with, and attempt to intimidate and interfere with, L.R., a Black adult whose identity is known to the grand jury, because she was and had been lawfully aiding other persons to participate, without discrimination on account of race or color, in enjoying the goods, services and facilities of a gasoline station; specifically, the defendant brandished a firearm and used racial slurs in order to intimidate and interfere with L.R. when L.R. intervened to support H.A. and S.C. in their enjoyment of a gasoline station as described in Count 1.

In violation of Title 18, United States Code, Section 245(b)(5).

## COUNT 3

**BRANDISHING A FIREARM DURING A CRIME OF VIOLENCE**
**[18 U.S.C. § 924(c)]**

On or about July 27, 2022, in the District of Kansas, the defendant,

**AUSTIN SCHOEMANN,**

knowingly used and carried a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, specifically, Interference with Federally Protected Activities, in violation of 18 U.S.C. § 245, and said firearm was brandished.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

## COUNT 4

**INTERSTATE COMMUNICATIONS - THREATS**
**[18 U.S.C. § 875(c)]**

On or about and between January 27, 2022 and February 1, 2022, in the District of Kansas and elsewhere, the defendant,

**AUSTIN SCHOEMANN,**

knowingly and willfully transmitted in interstate and foreign commerce a communication which traveled to and between the State of Kansas and the State of California containing a threat to injure others; specifically, the defendant, using his cell phone, the internet, and the internet messaging services of Facebook Messenger, sent a video to L.K. and C.W, whose identities are known to the Grand Jury, containing a threat to injure Black people, in which he held and possessed a Smith and Wesson assault rifle, a Remington Model 870 shotgun, and a Remington Model 11 shotgun while stating, among other things,

3

"Here's what I'm going to get it done with," "Put me in front of a welfare line; I will get rid of poverty," "One cap to the head, {racial slur} dead," "this [shotgun] is silky smooth and yeah it will kill {racial slur}," and "Bye . . . you fucking cotton-picking lazy {racial slur}."

In violation of Title 18, United States Code, Section 875(c).

## COUNT 5

**INTERSTATE COMMUNICATIONS - THREATS**
**[18 U.S.C. § 875(c)]**

On or about July 3, 2022, in the District of Kansas and elsewhere, the defendant,

**AUSTIN SCHOEMANN,**

knowingly and willfully transmitted in interstate and foreign commerce a communication which traveled to and between the State of Kansas and the State of California containing a threat to injure J.F. and C.W., Black adults whose identities are known to the grand jury, and other Black individuals; specifically, the defendant, using his cell phone, the internet, and the internet messaging services of Facebook Messenger, sent messages to L.K. stating, among other things, "I'm going to fucking go into some shit that needs to be done like {racial slur} disappearing," "I'm going to get rid of every {racial slur} in this town," "you can tell [J.F. and C.W.] that their last minutes of life are soon," and "[A]ll these {racial slur} are going down . . . I'm a fucking white man."

In violation of Title 18, United States Code, Section 875(c).

4

## COUNT 6

**INTERFERENCE WITH HOUSING**
**[42 U.S.C. § 3631]**

Beginning in or about January 2022 and continuing through in or about August 2022, in the District of Kansas, the defendant,

## AUSTIN SCHOEMANN,

did willfully, by force and threat of force, intimidate and interfere with, and attempt to intimidate and interfere with, M.P., a white woman whose identity is known to the grand jury, because of M.P.'s race and color and because M.P. was occupying a dwelling in Wellington, Kansas; specifically, when the defendant believed that M.P. had Black visitors to her home and was planning to do so, the defendant threatened M.P. and her visitors by (1) sending M.P. and her family members messages containing threats to kill Black people; (2) standing outside of M.P.'s home and shouting threats and racial slurs on occasions when she had Black visitors; (3) confronting and threatening M.P.'s Black visitors on occasions when they pulled up to her home in their vehicles; and (4) destroying the windshield of a car that he believed belonged to a Black visitor of M.P.

In violation of Title 42, United States Code, Section 3631.

## FORFEITURE NOTICE

1. The allegations contained in Counts 1- 3 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c).

2. Upon conviction of one or more of the offenses set forth in Counts 1- 3 of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of the offenses, including, but not limited to:

    A. SCCY, model CPX-1, 9mm caliber handgun, s/n 158022;
    B. any ammunition.

All pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c).

A TRUE BILL.

May 16, 2023                  s/Foreperson
DATE                                FOREPERSON OF THE GRAND JURY

| | |
|---|---|
| KATE E. BRUBACHER<br>UNITED STATES ATTORNEY | KRISTEN M. CLARKE<br>ASSISTANT ATTORNEY GENERAL<br>Civil Rights Division |
| By: /s/ Aaron L. Smith<br>AARON L. SMITH<br>Assistant United States Attorney<br>District of Kansas<br>301 N. Main, Suite 1200<br>Wichita, Kansas  67202<br>Ph: (316) 269-6481<br>Fax: (316) 269-6484<br>Email: aaron.smith3@usdoj.gov<br>Ks. S. Ct. No. 20447 | /s/ Thomas A. Johnson<br>THOMAS A. JOHNSON<br>Trial Attorney<br>Civil Rights Division, Criminal Section<br>150 M. Street NE<br>Washington, D.C.<br>Ph: (202) 514-3204<br>Fax: (202) 353-8154<br>Email: thomas.johnson@usdoj.gov<br>VA Bar No. 89295 |

> IT IS REQUESTED THAT THE TRIAL BE HELD IN WICHITA, KANSAS

# PENALTIES

### Counts 1-2 [Interference with Protected Activities]

- Punishable by a term of imprisonment of not more than ten (10) years.  18 U.S.C. § 245.
- A term of supervised release of not more than three (3) years.  18 U.S.C. § 3583(b)(2).
- A fine not to exceed $250,000.  18 U.S.C. § 3571(b)(3).
- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

### Count 3 [924(c) count - brandish]

- Punishable by a term of imprisonment of not less than seven (7) years and no more than life.  18 U.S.C. § 924(c)(1)(A)(i).  This term of imprisonment runs consecutive to any other term of imprisonment imposed on the defendant.  18 U.S.C. § 924(c)(1)(D)(ii).  If the defendant has a prior conviction for a violation of § 924(c)(1)(A), the instant offense is punishable by a term of imprisonment of not less than twenty-five (25) years and not more than life.  18 U.S.C. § 924(c)(1)(C)(i).
- A term of supervised release of not more than five (5) years.  18 U.S.C. § 3583(b)(1).
- A fine not to exceed $250,000.  18 U.S.C. § 3571(b)(3).
- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.

### Counts 4 and 5 [Interstate Communications – Threats]

- Punishable by a term of imprisonment of not more than five (5) years.  18 U.S.C. § 875.
- A term of supervised release of not more than three (3) years.  18 U.S.C. § 3583(b)(2).
- A fine not to exceed $250,000.  18 U.S.C. § 3571(b)(3).
- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

**Count 6 [Interference with Housing]**

- Punishable by a term of imprisonment of not more than ten (10) years.  18 U.S.C. § 3631.
- A term of supervised release of not more than three (3) years.  18 U.S.C. § 3583(b)(2).
- A fine not to exceed $250,000.  18 U.S.C. § 3571(b)(3).
- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).